UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

---

SOUTH MIDDLESEX OPPORTUNITY )
COUNCIL, INC. and SOUTH MIDDLESEX )
NON-PROFIT HOUSING CORPORATION, )
)
Plaintiffs, )   Civil Action No.
)   1:07-cv-12018-DPW
v. )
)
TOWN OF FRAMINGHAM, )
et al., )
)
Defendants. )

---

## SETTLEMENT AGREEMENT

Plaintiffs South Middlesex Opportunity Council, Inc. and South Middlesex Non-Profit Housing Corporation (together, "SMOC") initiated this action against the Town of Framingham and certain individual defendants (together, "the Defendants") on October 24, 2007, alleging, inter alia, that Defendants violated the Fair Housing Act, 42 U.S.C. §3601 et seq., the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq.; and the Federal Rehabilitation Act of 1973, 29 U.S.C. §§794 et seq. by discriminating in the provision of housing on the basis of disability in connection with SMOC's efforts to site and maintain programs for people in recovery from alcohol and/or drug dependency.

Defendants deny that they violated any provisions of the Fair Housing Act, the Americans with Disabilities Act, the Federal Rehabilitation Act, the common law of defamation, or any other applicable law. Defendants also deny SMOC's allegations which contend that Defendants' actions were based on the handicap of the persons to be served by the Sage House Program, Larry's Place or any of SMOC's other programs.

The parties desire to avoid costly and protracted litigation and agree that the claims against the Defendants should be resolved without a trial. The parties have therefore agreed to this Settlement Agreement, which resolves all of the Plaintiffs' claims for injunctive and monetary relief.

1. The parties and their attorneys agree to work cooperatively with one another and in good faith to resolve informally any differences regarding the interpretation of and compliance with this Settlement Agreement and to effectuate the purposes of this Settlement Agreement.

2. For the purposes of this Settlement Agreement, the terms "discriminate," "otherwise make unavailable" and "deny" refer to what the term "discrimination" includes under Section 804 of the Fair Housing Act, as amended, Fair Housing Act, 42 U.S.C. §3601 et seq., the Americans with Disabilities Act, 42 U.S.C. §§12101 et seq.; and the Federal Rehabilitation Act of 1973, 29 U.S.C. §§794 et seq.

3. For purposes of this Settlement Agreement, the terms "handicap" and "disability" are defined as the term "handicap" is defined in section 802(h) of the Fair Housing Act as amended, 42 U.S.C. §3602(h), and include, but are not limited to recovery from alcohol and/or drug addiction, and mental or emotional disabilities that otherwise meet the definition contained in Section 802(h).

4. Defendants acknowledge that people with disabilities, including people in recovery from alcohol or drug dependency, qualify as "handicapped" under the Fair Housing Act, the Americans with Disabilities Act and the Federal Rehabilitation Act and are entitled to fair and equal treatment in the provision of housing in the Town of Framingham.

5. Defendants further acknowledge that uses by non-profit educational organizations that are primarily and predominantly educational in nature are protected by the Massachusetts Dover Amendment, General Laws Chapter 40A, §3, and acknowledge that the residential programs SMOC operates at 517 Winter Street, Framingham, Massachusetts, the Sage House Program, and at 90 Lincoln Street, Framingham, Massachusetts, Larry's Place, as currently configured, qualify as non-profit educational uses under that statute.

6. Defendants agree that they will comply with and follow the requirements of the Fair Housing Act, the Americans with Disabilities Act, the Federal Rehabilitation Act and the Massachusetts Dover Amendment, including with respect to any application to the Building Department, Planning Board, or Zoning Board of Appeals for permits associated with the use of property for a non-profit educational use, a residential treatment facility, a lodging house, or any other use of a dwelling, without regard to the handicap of the applicant or the disability of any potential resident, program participant, or tenant.

7. Defendants acknowledge that the Massachusetts Dover Amendment instills sole and exclusive jurisdiction (subject to appeal to the Zoning Board of Appeals and to Court) in the Framingham Building Commissioner to determine whether a proposed use qualifies as a Dover Amendment use. All requests by any non-profit entity for a determination that a proposed use qualifies as a Dover Amendment use shall be directed solely and exclusively to the Building Commissioner and the Building Commissioner shall make such determination in accordance with the law and subject to appeal to the Zoning Board of Appeals or a court of competent jurisdiction.

8. Any project or proposed use that is determined by the Framingham Building Commissioner to qualify as a Dover Amendment use under the Massachusetts Dover Amendment shall be treated in accordance with existing federal, state and local law, including Town Bylaws and the Attorney General's November 16, 2005 letter approving amendments to

2

the Framingham Town Bylaw. Any applications or reviews for permits or approvals associated with projects or proposed uses which have been determined to qualify as a Dover Amendment use shall be limited to reasonable regulations of bulk and height of structures and determining yard sizes, lot area, setbacks, open space, parking and building coverage requirements, as such regulations are defined and interpreted under all applicable state and local laws.

9. Defendants agree not to seek or request, directly or indirectly, any payment in lieu of taxes ("PILOT" payments), development impact fees, or other payments other than standard application fees, from a non-profit entity that seeks to site a project that qualifies as an educational use under the Massachusetts Dover Amendment as part of a zoning or use review or application pending before any Framingham land use board, including any Site Plan Review process, or conditioning any decision regarding the issuance of any Site Plan Review approval upon an agreement to make or consider any such payment. Nothing in the preceding sentence shall prevent the Town from applying its ordinary voluntary PILOT program policy in the ordinary course outside of the permitting, zoning and Site Plan Review process.

10. The Town agrees to designate Town Counsel to conduct a training session on the Fair Housing Act, the Americans with Disabilities Act, the Federal Rehabilitation Act and the Massachusetts Dover Amendment within 90 days of full execution of this Settlement Agreement. Town Counsel will designate the Town officials to attend such training. Within 90 days of full execution of this Settlement Agreement, the plaintiffs agree to conduct a training session of employees on compliance with the Massachusetts CORI law affecting plaintiffs' programs or the delivery of the same. SMOC's General Counsel will designate the employees to attend such training.

11. The Town agrees to designate a sole record keeper to receive and facilitate the processing of public records requests from the plaintiffs. The plaintiffs agree to submit any public records requests to said record keeper in accordance with the Massachusetts Public Records Law and the Town agrees to adhere to the Public Records Law and associated regulations and retention schedules issued thereunder in responding to the same.

12. The parties agree that as part of this settlement a payment shall be made by the insurer for the Town and Town officials to the plaintiffs in the total sum of one million dollars ($1,000,000). Payment shall be made upon full execution of this Settlement Agreement and its approval by the Court, and in accordance with wiring instructions to be provided by the plaintiffs' counsel to counsel for the Town. All necessary consents have been provided by the Town and Town officials to their insurer. Said payment is being made solely to avoid costly and protracted litigation and shall not constitute an admission of liability.

13. Upon execution of this Settlement Agreement and approval by the Court, and simultaneously with the making of the payment referenced in the preceding paragraph, the parties agree to execute a Stipulation of Dismissal with prejudice and without costs or attorney's fees in favor of all parties in their official and individual capacities, with all rights of appeal waived.

14. Upon execution of this Settlement Agreement and approval by the Court, and upon payment of the settlement proceeds described in Paragraph 12 above, the parties agree to dismiss the public records lawsuit pending in the Middlesex Superior Court styled <u>South Middlesex Opportunity Council and South Middlesex Non-Profit Housing Corporation v. Town of Framingham</u>, Civil Action No. 08-00210H (hereinafter "Public Records Lawsuit"), with prejudice and without costs or attorney's fees awarded hereto, and with all rights of appeal waived.

15. The parties agree to execute a Mutual Waiver and General Release in favor of each other in a mutually-acceptable form which includes language that waives, foregoes, relinquishes and generally releases the parties in their official and individual capacities, as the case may be, from all claims, causes of actions, demises, and claimed liabilities that exist or which are alleged to exist from the beginning of the world to the date of the execution of this Settlement Agreement, including, without limitation, any claims that were raised in this lawsuit or the Public Records Lawsuit or which could have been raised in either action. The Mutual Waiver and General Release shall include language whereby all parties mutually agree to release one another of and from any and all claims whatsoever for attorneys' fees, whether statutory or otherwise. To be excluded from the terms and provisions of the Mutual Waiver and General Release are three pending Appellate Tax Board appeals brought by the plaintiff, South Middlesex Non-Profit Housing Corporation, and concerning 15 Blandin Avenue (F-297530), 43 Taylor Street (F-297532), and 4 East Street (F-297531), which appeals have been merged as 15 Blandin Avenue (F-306016).

16. The plaintiffs acknowledge that the Town possesses certain legal rights as provided, inter alia, under state and local law, with respect to applications for land use arising under the Dover Amendment, as well as all lawful police, regulatory and licensing powers exercised in connection with the operations of such programs or facilities. The parties further acknowledge that all citizens have rights under the First Amendment to comment on matters of public concern. The Town acknowledges that plaintiffs possess certain legal rights as 501(c)(3) non-profit corporations in connection with applications for land use arising under the Dover Amendment.

17. SMOC will provide an annual report to the Town of Framingham, which will include its annual plan and three year plans. Said plans will include a summary of the programs presently operating in Framingham and SMOC's best assessment of future programs which it intends to propose be sited in Framingham. SMOC will meet with the Board of Selectmen in open session semi-annually to discuss said plans and answer questions in connection with the same.

18. The parties agree that an action for breach of contract as a result of an alleged breach of this agreement may be filed in the United States District Court for the District of Massachusetts and that said Court will have jurisdiction over said breach of contract claim. The parties further agree that the prevailing party in any breach of contract action as a result of any alleged breach of the Settlement Agreement shall be entitled to reimbursement of their reasonable attorney's fees incurred in prosecuting or defending against such action.

4

(2010.10.20 Framingham-SMOC Settlement)

19. This Settlement Agreement is subject to approval by the United States District Court (Woodlock, J.).

IN WITNESS HEREOF, the undersigned set their hands and seals on the dates indicated:

SOUTH MIDDLESEX OPPORTUNITY COUNCIL, INC,

_____
James T. Cuddy, Executive Director
Date:

_____
Bruce Hulme, President
Date:

SOUTH MIDDLESEX NON-PROFIT HOUSING CORPORATION,

_____
James T. Cuddy, Executive Director
Date:

_____
Bruce Hulme, President
Date:

TOWN OF FRAMINGHAM, MASSACHUSETTS,

_____
Dennis L. Giombetti, Chairman, Framingham Board of Selectmen
(duly authorized by vote of the Board of Selectmen)
Date:

5

(2010.10.20 Framingham-SMOC Settlement)

19. This Settlement Agreement is subject to approval by the United States District Court (Woodlock, J.).

IN WITNESS HEREOF, the undersigned set their hands and seals on the dates indicated:

SOUTH MIDDLESEX OPPORTUNITY COUNCIL, INC,

_____
James T. Cuddy, Executive Director
Date:

_____
Bruce Hulme, President
Date:

SOUTH MIDDLESEX NON-PROFIT HOUSING CORPORATION,

_____
James T. Cuddy, Executive Director
Date:

_____
Bruce Hulme, President
Date:

TOWN OF FRAMINGHAM, MASSACHUSETTS,

_/s/_____
Dennis L. Giombetti, Chairman, Framingham Board of Selectmen
(duly authorized by vote of the Board of Selectmen)
Date: 10/26/10

5

(2010.10.20 Framingham-SMOC Settlement)

PETER C.S. ADAMS,

_[signature]_
Date: 10-22-2010

SUSAN P. BERNSTEIN,

_[signature]_
10/22/10
Date:

ANDREA CARR-EVANS,

_[signature]_
10-22-10
Date:

GINGER ESTY,

_[signature]_
10-20-10
Date:

DENNIS L. GIOMBETTI,

_[signature]_
10/22/10
Date:

CYNTHIA J. LAURORA,

_[signature]_
Date: 10/22/10

6
(2010.10.20 Framingham-SMOC Settlement)

LAURIE A. LEE,

*[signature]* 10-20-10
Date:

STEVEN W. ORR,

*[signature]* 10/21/2010
Date:

ALEXIS SILVER,

*[signature]* 10/22/10
Date:

JASON A. SMITH,

10-20-2010  *[signature]*
Date:

CAROL J. SPACK,

*[signature]*
Date: 10/22/10

7
(2010.10.20 Framingham-SMOC Settlement)

ANN WELLES,

_____
Date:  10.22.10

As to the payment obligation specified in Paragraph 12 only:
MIIA PROPERTY & CASUALTY GROUP, INC.,

_____
Title:  Vice President
Date:  10/22/10

Approved as to Legal Form:

_____
Christopher J. Petrini, Esq.
Town Counsel, Town of Framingham
Date:  10/20/10

SETTLEMENT AGREEMENT REVIEWED AND APPROVED THIS 26th DAY OF OCTOBER, 2010.

_____
DOUGLAS P. WOODLOCK
United States District Judge
District of Massachusetts